UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

---

**DOCKETING STATEMENT**

---

| Appeal Number | 26-5013 |
|---|---|
| Case Name | Muscogee (Creek) Nation v. Steve Kunzweiler, in his official capacity as District Attorney for the Fourteenth Prosecutorial District of Oklahoma; and Vic Regalado, in his official capacity as Tulsa County Sheriff. |
| Party or Parties Filing Notice of Appeal Or Petition | Muscogee (Creek) Nation |
| Appellee(s) or Respondent(s) | Steve Kunzweiler, in his official capacity as District Attorney for the Fourteenth Prosecutorial District of Oklahoma.<br><br>Vic Regalado, in his official capacity as Tulsa County Sheriff. |
| List all prior or related appeals in this court with appropriate citation(s). | *Muscogee (Creek) Nation v. Tulsa County, Oklahoma, et al.*, (Jimmy Glenn Hendrix, Appellant), Case No. 25-5062<br><br>*Muscogee (Creek) Nation v. Tulsa County, Oklahoma, et al.*, (Charles C. Tiger, Appellant), Case No. 25-5064 (consolidated with Case No. 25-5062) |

## I.    JURISDICTION OVER APPEAL OR PETITION FOR REVIEW

### A.    APPEAL FROM DISTRICT COURT

1.    Date final judgment or order to be reviewed was **entered** on the district court docket: December 30, 2025

2.    Date notice of appeal was **filed**: January 28, 2026

3.    State the time limit for filing the notice of appeal (cite the specific provision of Fed. R. App. P. 4 or other statutory authority): Fed. R. App. P. 4(a)(1)(A): "In a civil case…the notice of appeal required by Rule 3 must be filed with the district court clerk within 30 days after entry of the judgment or order appealed from."

a. Was the United States or an officer or an agency of the United States a party below? <u>No</u>

b. Was a motion filed for an extension of time to file the notice of appeal? If so, give the filing date of the motion, the date of any order disposing of the motion, and the deadline for filing the notice of appeal: <u>No motion was filed.</u>

4. Tolling Motions. *See* Fed. R. App. P. 4(a)(4)(A); 4(b)(3)(A).

a. Give the filing date of any motion that tolls the time to appeal pursuant to Fed. R. App. P. 4(a)(4)(A) or 4(b)(3)(A):

<u>None</u>

b. Has an order been entered by the district court disposing of any such motion, and, if so, when?

<u>No</u>

5. Is the order or judgment final (i.e. does it dispose of **all** claims by and against **all** parties)? *See* 28 U.S.C. § 1291. <u>Yes</u>

**(If your answer to Question 5 is no, please answer the following questions in this section.)**

a. If not, did the district court direct entry of judgment in accordance with Fed. R. Civ. P. 54(b)? When was this done?

_____

b. If the judgment or order is not a final disposition, is it appealable under 28 U.S.C. § 1292(a)? _____

c. If none of the above applies, what is the **specific** legal authority for determining that the judgment or order is appealable? _____

6. Cross Appeals.

a. If this is a cross appeal, what relief do you seek beyond preserving the judgment below? *See United Fire & Cas. Co. v. Boulder Plaza Residential, LLC*, 633 F.3d 951, 958 (10th Cir. 2011) (addressing jurisdictional validity of conditional cross appeals).

<u>Not applicable.</u>

**b.** If you do not seek relief beyond an alternative basis for affirmance, what is the jurisdictional basis for your appeal? *See Breakthrough Mgt. Group, Inc. v. Chukchansi Gold Casino and Resort*, 629 F.3d 1173, 1196-98 and n.18 (10th Cir. 2010) (discussing protective or conditional cross appeals). _____

**B.** **REVIEW OF AGENCY ORDER** (To be completed only in connection with petitions for review or applications for enforcement filed directly with the court of appeals.)

**1.** Date of the order to be reviewed: _____

**2.** Date petition for review was filed: _____

**3.** Specify the statute or other authority granting the Tenth Circuit Court of Appeals jurisdiction to review the order: _____

**4.** Specify the time limit for filing the petition (cite specific statutory section or other authority): _____

**C.** **APPEAL OF TAX COURT DECISION**

**1.** Date of entry of decision appealed: _____

**2.** Date notice of appeal was filed: _____
(If notice was filed by mail, attach proof of postmark.)

**3.** State the time limit for filing notice of appeal (cite specific statutory section or other authority): _____

**4.** Was a timely motion to vacate or revise a decision made under the Tax Court's Rules of Practice, and if so, when? *See* Fed. R. App. P. 13(a)_____

**II.    ADDITIONAL INFORMATION IN CRIMINAL APPEALS**.

**A.**    Does this appeal involve review under 18 U.S.C. 3742(a) or (b) of the sentence imposed? _____

**B.**    If the answer to A (immediately above) is yes, does the defendant also challenge the judgment of conviction? _____

**C.**    Describe the sentence imposed. _____

_____

**D.**    Was the sentence imposed after a plea of guilty? _____

**E.**    If the answer to D (immediately above) is yes, did the plea agreement include a waiver of appeal and/or collateral challenges? _____

**F.**    Is the defendant on probation or at liberty pending appeal? _____

**G.**    If the defendant is incarcerated, what is the anticipated release date if the judgment of conviction is fully executed? _____

**NOTE**:    In the event expedited review is requested and a motion to that effect is filed, the defendant shall consider whether a transcript of any portion of the trial court proceedings is necessary for the appeal. Necessary transcripts must be ordered by completing and delivering the transcript order form to the Clerk of the district court with a copy filed in the court of appeals.

**III.    GIVE A BRIEF DESCRIPTION OF THE NATURE OF THE UNDERLYING CASE AND RESULT BELOW**.

Plaintiff Muscogee (Creek) Nation brought suit against Defendant Tulsa County; Defendant Steve Kunzweiler, in his official capacity as District Attorney for the Fourteenth Prosecutorial District of Oklahoma; and Defendant Vic Regalado, in his official capacity as Tulsa County Sheriff (collectively "the County" or "County Officials"), alleging that the County's policy and practice of prosecuting and otherwise exercising criminal law enforcement authority over Indian individuals for offenses occurring within the boundaries of the Nation's Reservation violates federal law.

The Nation sought a declaratory judgment that this alleged conduct is unlawful, as well as preliminary and permanent injunctive relief prohibiting the County Officials from continuing to engage in said conduct. The Nation and the County stipulated to the dismissal of Tulsa County as a party, and the District Court granted Mr. Regalado's Motion to Dismiss. After holding an evidentiary hearing, the District Court denied the Nation's motion for a preliminary injunction and then, upon stipulation of the parties, entered final judgment in Mr. Kunzweiler's favor.

**IV.    IDENTIFY TO THE BEST OF YOUR ABILITY AT THIS STAGE OF THE PROCEEDINGS, THE ISSUES TO BE RAISED IN THIS APPEAL. You must attempt to identify the issues even if you were not counsel below.** *See* **10th Cir. R. 3.4(B).**

The Nation raises the following issues on appeal:

1)  Whether the County's policy and practice of prosecuting and otherwise exercising criminal law enforcement authority over Indian individuals for crimes occurring within the Nation's Reservation violates federal law.

2)  Whether the District Court erred in denying the Nation's requested permanent injunctive relief prohibiting the County Officials from continuing to engage in that policy and practice.

3)  Whether the Nation's Complaint states a viable claim that Sheriff Regalado's policy and practice of exercising criminal law enforcement authority over Indian individuals—which includes but is not limited to incarceration—for offenses occurring within the Nation's Reservation violates federal law, such that the District Court erred in dismissing Mr. Regalado as a defendant.

**V.    ATTORNEY FILING DOCKETING STATEMENT:**

Name: <u>Riyaz A. Kanji</u>                    Telephone: <u>(734) 769-5400–office</u>

<u>(734) 604-5516 - cell</u>

Firm: <u>Kanji & Katzen, P.L.L.C.</u>

Email Address: <u>rkanji@kanjikatzen.com</u>

Address: <u>P.O. Box 3971, Ann Arbor, MI 48106</u>

<u>*/s/ Riyaz A. Kanji*</u>                    <u>February 11, 2026</u>
Signature                                         Date

**NOTE:**  The Docketing Statement must be filed with the Clerk via the court's Electronic Case Filing System (ECF). Instructions and information regarding ECF can be found on the court's website, www.ca10.uscourts.gov.

The Docketing Statement must be accompanied by proof of service. The following Certificate of Service may be used.

## CERTIFICATE OF SERVICE

I, Riyaz A. Kanji    , hereby certify that on February 11, 2026,
    [attorney for appellant/petitioner]

I served a copy of the foregoing **Docketing Statement**, to:

Trevor S. Pemberton            , at trevor@pembertonlaw.com
Phillip G. Whaley            , at pwhaley@ryanwhaley.com
Grant M. Lucky            , at glucky@ryanwhaley.com
Patrick R. Pearce, Jr.            , at rpearce@ryanwhaley.com
                    [counsel for/or appellee/respondent]

using the last known email addresses, via this Court's ECF System.

/s/ Riyaz A. Kanji
Signature

February 11, 2026
Date

Riyaz A. Kanji
Kanji & Katzen, P.L.L.C.
P.O. Box 3971
Ann Arbor, MI 48106

Full name and address of attorney