NO. 26-5013

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE TENTH CIRCUIT

---

MUSCOGEE (CREEK) NATION,
PLAINTIFF-APPELLANT

*v.*

STEVE KUNZWEILER, ET AL.,
DEFENDANTS-APPELLEES

---

*ON APPEAL FROM THE UNTITED STATES DISTRICT COURT FOR THE*
*NORTHERN DISTRICT OF OKLAHOMA*
*(CIV. NO. 25-75; THE HONORABLE GREGORY K. FRIZZELL)*

---

**BRIEF OF APPELLEE VIC REGALADO**
***Oral Argument Requested***

---

Keith A. Wilkes, OBA 16750
HALL, ESTILL, HARDWICK, GABLE, GOLDEN & NELSON, P.C.
521 East 2nd Street, Suite 1200
Tulsa, Oklahoma  74120-1855
Telephone: (918) 594-0400
Facsimile: (918) 594-0505

ATTORNEYS FOR APPELLEE VIC REGALADO

**TABLE OF CONTENTS**

STATEMENT OF RELATED CASES ................................................................1

STATEMENT OF THE ISSUES...................................................................1

STATEMENT OF THE CASE....................................................................2

    I.   RELEVANT BACKGROUND.............................................................2

    II.  RELEVANT PROCEDURAL HISTORY.................................................3

SUMMARY OF THE ARGUMENT ..............................................................5

STANDARD OF REVIEW .......................................................................6

ARGUMENT .....................................................................................7

    I.   THE DISTRICT COURT CORRECTLY DISMISSED THE COMPLAINT AGAINST SHERIFF REGALADO.....................................................................7

    II.  THE DISTRICT COURT CORRECTLY DENIED INJUNCTIVE RELIEF. ...................14

CONCLUSION ..................................................................................15

STATEMENT REGARDING ORAL ARGUMENT ...........................................16

CERTIFICATE REGARDING SEPARATE BRIEF.............................................17

CERTIFICATE OF COMPLIANCE - TYPEFACE AND WORD COUNT .........18

CERTIFICATE OF DIGITAL SUBMISSION ....................................................19

CERTIFICATE OF SERVICE ...................................................................20

## TABLE OF AUTHORITIES

### Cases

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)................................................................7

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)...............................................7

*Carpenter v. State*, 1996 OK CR 56, ¶ 23, 929 P.2d 988......................................11

*City of Tulsa v. O'Brien*, 2024 OK CR 31, 588 P.3d 908 (Okla. Crim. App. 2024) .................................................................................................13

*Erikson v. Pawnee Cnty. Bd. of Cnty. Comm'rs*, 263 F.3d 1151 (10th Cir. 2001)....8

*Estate of Lockett ex rel. Lockett v. Fallin*, 841 F.3d 1098 (10th Cir. 2016)...............7

*Funkhouser v. State*, 1988 OK CR 109, ¶ 13, 763 P.2d 695 (Okla. Crim. App. 1988) .................................................................................................11

*Herrera v. City of Espanola*, 32 F.4th 980 (10th Cir. 2022) ...................................7

*Khalik v. United Air Lines*, 671 F.3d 1188 (10th Cir. 2012) ..................................7

*Lane v. Simon*, 495 F.3d 1182 (10th Cir. 2007) .......................................................7

*McGirt v. Oklahoma*, 591 U.S. 894 (2020) .............................................................2

*Oklahoma v. Castro Huerta*, 597 U.S. 629 (2022)....................................................2

*Stark v. Reliance Standard Life Ins.*, 142 F.4th 1252 (10th Cir. 2025).....................6

*State v. Bohanan*, CM-2022-108 (Dist. Ct. Tulsa Co.)............................................9

*State v. Haworth*, 2012 OK CR 12, ¶ 13, 283 P.3d 311. 316 (Okla. Crim. App. 2012) .................................................................................................11

*State v. Hess*, CM-2024-2951 (Dist. Ct. Tulsa Co....................................................9

*State v. Mason*, CM-2024-4510 (Dist. Ct. Tulsa Co.) .............................................10

*State v. Morris*, CM-2024-4494 (Dist. Ct. Tulsa Co., Nov. 26, 2024)....................11

*State v. Neafus*, CM-2024-1222 (Dist. Ct. Tulsa Co., April 3, 2024) .....................10

*Waller v. City & Cty. of Denver*, 932 F.3d 1277 (10th Cir. 2019) ...........................7

*Wolfenbarger v. State*, 710 P.2d 114 (Okla. Crim. App. 1985), *cert. denied* 476 U.S. 1182, 106 S. Ct. 2915, 91 L. Ed. 2d 544 (1986) ...................................................11

**Statutes**

OKLA. STAT. tit. 19, § 4...........................................................................................3

OKLA. STAT. tit. 19, § 215.30(B) ...........................................................................8

OKLA. STAT. tit. 19, § 513.....................................................................................12

OKLA. STAT. tit. 21, § 40.......................................................................................13

OKLA. STAT. tit. 21, § 540.......................................................................................9

OKLA. STAT. tit. 21, § 1541.1..................................................................................9

OKLA. STAT. tit. 21, § 1731............................................................................. 10, 11

OKLA. STAT. tit. 47, § 11-902(A)(2) ......................................................................10

OKLA. STAT. tit. 57, § 16a(A) ......................................................................... 13, 14

OKLA. STAT. tit. 57, § 47.....................................................................................2, 12

**Rules**

10th Cir. R. 31.3(A) ............................................................................................6, 14

10th Cir. Rule 31.3(b) ...........................................................................................17

FED. R. CIV. P. 12(b)(6)........................................................................................1, 3

**Constitutional Provisions**

OKLA. CONST. art VII, § 4......................................................................................13

ii

## STATEMENT OF RELATED CASES

Appeals were taken from the district court's denial of separate motions to intervene by two individuals in the proceedings below. Both individuals voluntarily dismissed their respective appeals. *See* Tenth Circuit Case Nos. 25-5062 and 25-5064.

## STATEMENT OF THE ISSUES

1.　　The district court properly dismissed the Creek Nation's claim against Vic Regalado, in his official capacity as Sheriff of Tulsa County, pursuant to FED. R. CIV. P. 12(b)(6), because county sheriff's do not make prosecutorial decisions over any person let alone non-member Indians.

2.　　The district court properly held that the State of Oklahoma, acting by and through District Attorney Steven Kunzweiler, may exercise concurrent criminal jurisdiction over Indians who are not members of the Creek Nation and who are alleged to have committed crimes not covered by the Major Crimes Act within the boundaries of the Creek Reservation.

## STATEMENT OF THE CASE

### I.    RELEVANT BACKGROUND.

This appeal arises from the jurisdictional question about the prosecution of non-major crimes committed by non-member Indians[1] in Indian country in the continued wake of *McGirt v. Oklahoma*, 591 U.S. 894 (2020), and the application of the subsequent analysis and teachings of the United States Supreme Court in *Oklahoma v. Castro Huerta*, 597 U.S. 629 (2022).

Appellee Vic Regalado is the Sheriff of Tulsa County, Oklahoma ("Sheriff Regalado"). Tulsa County is the State's most densely populated county with more than 650,000 residents.[2] Under Oklahoma law, the sheriff of a county has charge of the county jail. OKLA. STAT. tit. 57, § 47. Co-Appellee Steve Kunzweiler is the District Attorney for Oklahoma's Fourteenth Judicial District[3] ("District Attorney Kunzweiler"). App. Vol. 1 at 14. Appellant is the Muscogee (Creek) Nation, a federal recognized tribe ("Creek Nation"). *Id.* at 13. The southern two-thirds of Tulsa County lies within the Muscogee (Creek) Reservation ("Creek Reservation"). App. Vol 1 at 255.

---

[1] "Non-member Indians" refers to Indians who are not members of the tribe in which the alleged offense occurred.

[2] App. Vol. 1 at 13.

[3] Tulsa County comprises over 97% of the Fourteenth Judicial District.

## II.    RELEVANT PROCEDURAL HISTORY.

The Creek Nation originally filed suit against three defendants: 1) "Tulsa County, Oklahoma," 2) District Attorney Kunzweiler in his official capacity, and 3) Sheriff Regalado in his official capacity. App. Vol. 1 at 10. In the Complaint, the Creek Nation lumped all three named defendants into the collective "County" identifier and then dedicated nearly the entirety of its allegations to the mistaken theory that the "County" is prosecuting Indians. App. Vol 1 at 10-19, ¶¶ 7, 21- 27. The Creek Nation was fatally mistaken on multiple fronts.

"Tulsa County, Oklahoma" was and is not a suable entity.[4] Even if the Creek Nation named the proper party, the Board of County Commissioners of the County of Tulsa ("BOCC"), this too would have been substantively flawed and resulted in early dismissal. The county does not have a court system or its own criminal laws, and the BOCC plays no role in law enforcement, nor does it exercise criminal jurisdiction over any person at any level, regardless of membership in any Indian tribe. "Tulsa County, Oklahoma" was dismissed pursuant to a joint stipulation after filing an early dispositive motion. App. Vol. 1 at 6 (Docket Nos. 39 and 52).

Sherrif Regalado moved to dismiss the Complaint for the Creek Nation's failure to state a claim upon which relief could be granted. FED. R. CIV. P. 12(b)(6).

---

[4]The Creek Nation likely intended to sue the Board of County Commissioners of the County of Tulsa ("BOCC"), as required under Oklahoma law when suing the county government. OKLA. STAT. tit. 19, § 4.

App. Vol. 1 at 74. Specifically, Sheriff Regalado does make prosecutorial decisions. The Creek Nation nevertheless claimed Sheriff Regalado is exercising criminal jurisdiction over non-member Indians by "booking, detaining, and incarcerating" them in the county jail. App. Vol. 1 at 200, p. 33. The district court below held that the Creek Nation's requested relief in the Complaint—declaratory and injunctive relief—did not implicate Sheriff Regalado and dismissed the Complaint against him. *Id*. at 257.

## SUMMARY OF THE ARGUMENT

I.      Dismissal of Sheriff Regalado. The district court correctly dismissed the Complaint against Sheriff Regalado for failure to state a claim upon which relief can be granted to the Creek Nation against Sheriff Regalado.

A. Sheriff Regalado does not make prosecutorial decisions or prosecute any person for violation of state law, regardless of the individual's race, ethnicity, or status as a member of any tribe.

B. The Creek Nation's Complaint lumped all three originally named defendants into the collective noun "County" and then dedicated its allegations to the mistaken theory that the "County" is prosecuting Indians. App. Vol 1 at 10-19, ¶¶ 7, 21- 27. Sheriff Regalado does not prosecute anyone.

C. None of the state district court cases identified and incorporated into the Complaint by the Creek Nation involved Sheriff Regalado or the Tulsa County Sheriff's Department.

D. The Complaint's only substantive non-prosecutorial allegation against Sheriff Regalado alleges that the sheriff's department has a policy of "booking and classifying inmates [*sic*]"[5] and "asserting criminal jurisdiction over non-member

---

[5]Persons held pending charges are arrestees. Charged persons held pending trial are pretrial detainees. Persons held post-conviction are inmates or incarcerated persons. None of the state criminal defendants identified in the Complaint were being held at the county jail in any capacity at the time of the Complaint.

Indians in light of *O'Brien*." App. Vol. 1 at 17, ¶ 28.[6] However, the administrative classification by Sheriff Regalado of an arrestee on intake to the county jail—from numerous local law enforcement agencies, to include the Creek Nation and its Lighthorse under the Creek Nation's contract with the jail—has no impact on jurisdiction or what crime, if any, the arrestee is charged and prosecuted for by state, local, or tribal prosecutors.

II.      Final Judgment. In the spirit of 10th Cir. R. 31.3(A), rather than writing separately on the same issue before the Circuit Court, Sheriff Regalado incorporates the response brief filed in the Circuit Court by District Attorney Kunzweiler [Doc. 54] for the proposition that court below properly held that the State of Oklahoma may exercise concurrent jurisdiction with the Creek Nation to prosecute non-member Indians for the alleged violation of non-major crimes within the Creek Reservation boundaries of Tulsa County, Oklahoma.

### STANDARD OF REVIEW

The circuit court reviews de novo the decision by the district courts to grant a motion to dismiss for failure to state a claim. *Stark v. Reliance Standard Life Ins.*, 142 F.4th 1252, 1256 (10th Cir. 2025). When considering whether a complaint states a viable claim for relief, the court must determine whether the pleading contains

---

[6]The Complaint does not accuse Sheriff Regalado (or the Tulsa County Sheriff's Office) of arresting or citing non-Member Indians for alleged violations of state law. Rather, the allegation relates to intake procedures at the county jail.

enough "factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). At this stage, the court must accept Plaintiff's well-pleaded factual allegations as true and construe them in the light most favorable to Plaintiff. *Herrera v. City of Espanola*, 32 F.4th 980, 991 (10th Cir. 2022). The court, however, should "'disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable.'" *Waller v. City & Cty. of Denver*, 932 F.3d 1277, 1282 (10th Cir. 2019) (quoting *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012)).

The court also "must determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007). "Mere 'labels and conclusions' and 'a formulaic recitation of the elements of a cause of action' are insufficient." *Estate of Lockett ex rel. Lockett v. Fallin*, 841 F.3d 1098, 1107 (10th Cir. 2016) (quoting *Twombly,* 550 U.S. at 555).

## ARGUMENT

**I.    THE DISTRICT COURT CORRECTLY DISMISSED THE COMPLAINT AGAINST SHERIFF REGALADO.**

Throughout the Complaint, the Creek Nation collectively refers to the three separately named governmental defendants as the "County," treating them in the substantive allegations as though they were a single legal entity. App. Vol. 1 at 10.

They are not. The Creek Nation's collective pleading not only obscures the distinct legal identities, statutory duties, and authority of each defendant, the Creek Nation prayed for injunctive relief against all when only one possessed the legal authority to perform—or refrain from performing—the challenged act. A court cannot enjoin parties from taking actions they have no legal power to perform. Recognizing this fundamental and fatal flaw in the complaint, the district court correctly dismissed Sheriff Regalado from the lawsuit.[7]

In its Complaint, the Creek Nation identifies five (5) non-member Indian defendants which the Creek Nation incorrectly alleged were prosecuted by the "County" in state court for non-major crimes. App. Vol. 1 at 16-17, ¶¶ 22-27. Sheriff Regalado has no prosecutorial authority. And, other than being improperly grouped in the Creek Nation's all-inclusive "County" identifier, there is no allegation or evidence that Sheriff Regalado or the Tulsa County Sheriff's Office were involved in the arrest of any of the criminal defendants. In fact, the Oklahoma State Court Network docket links cited and incorporated into the Complaint by the Creek Nation

---

[7] Ironically, the only defendant the Creek Nation included in its "County" grouping who has the authority to exercise criminal jurisdiction and prosecute crimes is not a county actor. "[U]nder Oklahoma law, a district attorney is an arm of the state," *not* of the county. *Erikson v. Pawnee Cnty. Bd. of Cnty. Comm'rs*, 263 F.3d 1151, 1153-54 (10th Cir. 2001); *see also* OKLA. STAT. tit. 19, § 215.30(B) (providing that "All appointees and employees of district attorneys,...shall be deemed to be state officers or employees for all purposes.").

reveal that four (4) of the individuals were arrested by the Tulsa Police Department, while the docket for the fifth is silent. *Id*. at 17, ¶ 23. All of the charges for the non-major crimes were brought on behalf of the State of Oklahoma by District Attorney Kunzweiler:

*State v. Bohanan*, CM-2022-108 (Dist. Ct. Tulsa Co.). District Attorney Kunzweiler filed charges on behalf of the State of Oklahoma and a warrant was issued by the state district court for the arrest of Ky Wolf Bohanan, a Choctaw Nation member, for the charge of creating a bogus check under $1,000. OKLA. STAT. tit. 21, § 1541.1. After Bohanan was arrested more than 2½ years later, he challenged the state court's jurisdiction, raising similar arguments as those in the Complaint (e.g. expanding the application of *McGirt* to non-major crimes to the exclusion of the *Castro-Huerta* framework). App. Vol 1 at 83-84. The state district court denied Bohanan's motion. Bohanan did not appeal but instead voluntarily entered into a Misdemeanor Diversion Program plea agreement with the State in February 2025. Bohanan was not a detainee in the county jail. App. Vol 1 at 83-84.

In *State v. Hess*, CM-2024-2951 (Dist. Ct. Tulsa Co.), Jessica Diane Hess, a Choctaw Nation member, was arrested by the Tulsa Police Department, *not* the Tulsa County Sheriff's Office, for obstructing an officer. OKLA. STAT. tit. 21, § 540. District Attorney Kunzweiler filed charges on behalf of the State of Oklahoma. Ms. Hess challenged the state district court's jurisdiction. *See State v. Hess*, Motion to

Dismiss for Lack of Jurisdiction (stating the alleged crime was committed in either the Cherokee Nation or Creek Nation). The state court denied the motion and Ms. Hess did not appeal. Ms. Hess was not detained at the county jail. App. Vol. 1 at 84.

In *State v. Mason*, CM-2024-4510 (Dist. Ct. Tulsa Co.), Charles Aaron Mason, a Navajo Nation member, was arrested by the Tulsa Police Department, *not* the Tulsa County Sheriff's Department, for driving under the influence. District Attorney Kunzweiler filed a criminal charge on behalf of the State of Oklahoma for violation of a non-major crime. OKLA. STAT. tit. 47, § 11-902(A)(2). The conduct occurred within the historical bounds of the Creek Nation. Mr. Mason challenged the State's jurisdiction, but his motion was denied. Mr. Mason did not appeal. On March 6, 2025, Mason entered a guilty plea. Mr. Mason was not in custody at the county jail. App. Vol. 1 at 84.

In *State v. Neafus*, CM-2024-1222 (Dist. Ct. Tulsa Co., April 3, 2024), Leigha Marie Neafus, a member of the Sac and Fax Nation of Missouri, was arrested by the Tulsa Police Department, *not* the Tulsa County Sheriff's Department, for suspicion of larceny of merchandise from a retailer. OKLA. STAT. tit. 21, § 1731. The State of Oklahoma, by and through Defendant Kunzweiler, filed a misdemeanor criminal charge. Ms. Neafus challenged the State's jurisdiction. The court denied the motion. Neafus did not appeal and was not in custody at the county jail. App. Vol. 1 at 85.

10

In *State v. Morris*, CM-2024-4494 (Dist. Ct. Tulsa Co., Nov. 26, 2024), Megan Marie Morris, a Choctaw Nation member, was arrested by the Tulsa Police Department and *not* the Tulsa County Sheriff's Office. On behalf of the State of Oklahoma, District Attorney Kunzweiler charged Ms. Morris with a non-major misdemeanor crime of larceny of merchandise from a retailer, OKLA. STAT. tit. 21, § 1731. The state district court denied her motion to dismiss on March 28, 2025. Ms. Morris was not in custody at county jail. App. Vol. 1 at 85-86.

Indeed, Sheriff Regalado and the Tulsa County Sheriff's Office do not have the legal authority or the ability to file criminal charge against any person in any court for any crime. Whether, where, or what criminal charge, if any, is filed and prosecuted is up to the complete discretion of state or tribal prosectors, not Sheriff Regalado. *See Carpenter v. State*, 1996 OK CR 56, ¶ 23, 929 P.2d 988, 995 (holding that "the decision whether to prosecute and what charge to file is within the discretion of the prosecutor."). "The **prosecutor has the sole authority** to decide under which statute to file charges." *Funkhouser v. State*, 1988 OK CR 109, ¶ 13, 763 P.2d 695, 697 (Okla. Crim. App. 1988) (citing *Wolfenbarger v. State*, 710 P.2d 114 (Okla. Crim. App. 1985), *cert. denied* 476 U.S. 1182 (1986)). (Emphasis added). *See also State v. Haworth*, 2012 OK CR 12, ¶ 13, 283 P.3d 311. 316 (Okla. Crim. App. 2012) (noting that one of the district attorney's "most important functions is to

11

select, out of what the law permits, the charges which he will bring against offenders.") (citation omitted).

Sheriff Regalado does, however, "have the charge and custody of the jail of his county, and all the prisoners in the same, and shall keep such jail himself, or by his deputy or jailer." OKLA. STAT. tit. 19, § 513. *See also* OKLA. STAT. tit. 57, § 47 ("The sheriff, or such person designated by law in his place, shall have charge of the county jail of his county and of all persons by law confined therein."). It is in this capacity that the Creek Nation makes its only explicit references to Sheriff Regalado in the Complaint and argues again in its appeal:[8]

> 28.  The Tulsa County Sheriff has additionally adopted a policy of booking and classifying inmates and asserting criminal jurisdiction over non-member Indians in light of *O'Brien*. In a memorandum that the Sheriff's Department provided to the Nation on January 24, 2025, the Sheriff stated that "**tribal members will be charged by tribal courts only if they are a member of the tribe in which the criminal offense took place.... Any other tribal citizens will not be booked or charged into tribal courts but rather STATE court and booked into [the David L. Moss Criminal Justice Center] as any other citizen**."
>
> 29.  The David L. Moss Criminal Justice Center is operated by the Sheriff.

App. Vol. 1 at 18-19. (Emphasis added.)

Neither paragraph involves exercising criminal jurisdiction over Indians by Sheriff Regalado. Sheriff Regaldo and his department do not have the legal authority

---

[8]*See* Appellant's Opening Brief [Doc. 24, ECF pp. 67-68].

to make "charging" decisions. Rather, Paragraph 28 alleges—correctly—that after the Oklahoma Court of Criminal Appeals decision in *City of Tulsa v. O'Brien*, 2024 OK CR 31, 588 P.3d 908 (Okla. Crim. App. 2024),[9] the Tulsa County Sheriff's Office issued an internal memorandum directing staff on how to administratively record the status of arrestees when brought to the county jail by outside agencies, to include tribal law enforcement. Specifically, the directive simply is to simply note whether an arrestee is being held on potential state or tribal charge. It is not the exercise of jurisdictional authority. If charges are filed by either the State of Oklahoma, Cherokee Nation, Osage Nation, or Creek Nation, Sheriff Regalado must then follow the direction of the applicable court—state or tribal—with respect to further detention, transfer, or release.

The administrative—rather than jurisdictional—nature of the Sheriff's custody of an arrestee at the county jail is illustrated by his statutory duties regarding federal prisoners. When a person is sent or committed to a county jail by legal process issued under the authority of the United States, Sheriff Regalado must receive them into custody and keep them safely until they are discharged under federal law. OKLA. STAT. tit. 57, § 16a(A). In doing so, the sheriff is subject to the

---

[9]The Oklahoma Court of Criminal Appeals has exclusive appellate jurisdiction over all criminal cases in the State. OKLA. CONST. art VII, § 4; OKLA. STAT. tit. 21, § 40.

13

same liabilities and penalties as if the prisoner had been committed under state legal process. *Id*. He is not exercising jurisdiction in place of the federal government.

Indeed, this example reinforces Sheriff Regalado's role at the jail as a custodian executing legal process—whether it be for the state, federal, or a tribal government, rather than an independent exercise of criminal jurisdiction over the arrestee or detainee brought to the facility. Sheriff Regalado's physical custody of an arrestee or detainee in the county jail is strictly in the context of Sheriff Regalado's statutory role—or contractual role as applied to Indian tribes—to maintain charge of the jail and the persons confined therein, acting under the direction of the courts and conforming to the rules promulgated by proper authorities, whether that be state, federal, or tribal.

## II.    THE DISTRICT COURT CORRECTLY DENIED INJUNCTIVE RELIEF.

Even if the Circuit Court disagrees with the dismissal of Sheriff Regalado by the district court below, the Creek Nation is not entitled to the relief sought—injunctive relief against Sheriff Regalado—in the Complaint. In the spirit of 10th Cir. R. 31.3(A), rather than writing separately on the same issue before the Circuit Court, Sheriff Regalado incorporates the response brief filed in the Circuit Court by District Attorney Kunzweiler [Doc. 54] for the proposition that court below properly held that the State of Oklahoma may exercise concurrent jurisdiction with the Creek

14

Nation to prosecute non-member Indians for the alleged violation of non-major crimes within the Creek Reservation boundaries of Tulsa County, Oklahoma.

## CONCLUSION

The district court got it right. Sheriff Regalado does not have prosecutorial power to charge and prosecute non-member Indians in state court for the violation of non-major crimes. Indeed, the allegation in the Complaint that the "County" was wrongly prosecuting non-member Indians is flawed in multiple respects. The first, of course, is the inescapable legal reality that Sheriff Regalado does not have prosecutorial authority. Next, the five (5) cases the Creek Nation explicitly identified in which non-member Indians were being prosecuted for misdemeanor crimes in state court did not involve Sheriff Regalado or the Tulsa County Sheriff's Department. Moving outside of the "County" grouping, the Creek Nation then pointed to an internal jail memorandum that offered direction to Tulsa County Sheriff Department employees on how to administratively record the jurisdictional nature of the potential charges when arrestees are brought to the county jail by law enforcement agencies, to include those law enforcement agencies like the Creek Nation who contract with Sheriff Regalado to house their arrestees. Finally, even if Sheriff Regalado had not been dismissed by the district court, the Creek Nation is not entitled to the relief prayed for in the Complaint as applied to Sheriff Regalado.

15

The record from the district court and the applicable law support the opinion and order of the district court and should be affirmed.

## STATEMENT REGARDING ORAL ARGUMENT

Appellee Vic Regalado respectfully submits that oral argument may assist the Court in deciding the issues presented by this appeal.

Respectfully submitted,

July 24, 2026

/s/ Keith A. Wilkes
Keith A. Wilkes, OBA 16750
HALL, ESTILL, HARDWICK, GABLE,
 GOLDEN & NELSON, P.C.
521 East Second Street, Suite 1200
Tulsa, Oklahoma  74120
T: (918) 594-0400
F: (910) 594-0505
kwilkes@hallestill.com
**Attorneys for Appellee Vic Regalado, in his official capacity as Sheriff of Tulsa County, Oklahoma**

16

## CERTIFICATE REGARDING SEPARATE BRIEF

I, Keith A. Wilkes, counsel for Appellee Vic Regalado and a member of the Bar of this Circuit Court, certify pursuant to 10th Cir. Rule 31.3(b) that Appellee Vic Regalado requires a brief separate from Appellee Steve Kunzweiler because the primary underlying legal issue as to Sheriff Regalado is materially distinct from that as to Steve Kunzweiler.

July 24, 2026

/s/ Keith A. Wilkes
Keith A. Wilkes, OBA 16750
HALL, ESTILL, HARDWICK, GABLE,
  GOLDEN & NELSON, P.C.
521 East Second Street, Suite 1200
Tulsa, Oklahoma  74120
T: (918) 594-0400
F: (910) 594-0505
kwilkes@hallestill.com
**Attorneys for Appellee Vic Regalado, in his official capacity as Sheriff of Tulsa County, Oklahoma**

17

## CERTIFICATE OF COMPLIANCE
## WITH TYPEFACE AND WORD-COUNT LIMITAITONS

I, Keith A. Wilkes, counsel for Appellee Vic Regalado and a member of the Bar of the Circuit Court, certify that this brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 32(a) and 10th Cir. Rule 32(A) and (B) because it is proportionally spaced, has typeface of 14 points in Times New Roman font, and contains 3,879 words relying upon the processing system Microsoft® Word for Microsoft 365 MSO (Version 2606 Build 16.0.20131.20152).

July 24, 2026

/s/ Keith A. Wilkes
Keith A. Wilkes, OBA 16750
HALL, ESTILL, HARDWICK, GABLE,
  GOLDEN & NELSON, P.C.
521 East Second Street, Suite 1200
Tulsa, Oklahoma  74120
T: (918) 594-0400
F: (910) 594-0505
kwilkes@hallestill.com
**Attorneys for Appellee Vic Regalado, in his official capacity as Sheriff of Tulsa County, Oklahoma**

18

## CERTIFICATE OF DIGITAL SUBMISSION

I hereby certify that with respect to the foregoing: (1) all required privacy redactions have been made per 10th Cir. R. 25.5; (2) the digital submissions have been scanned for viruses with the most recent version of a commercial virus scanning program, SentinelOne platform, software version 25.1.4.434 (updated on June 16, 2026). No viruses were detected, and according to the program are free of viruses.

s/ *Keith A. Wilkes*
Keith A. Wilkes

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of July 2026, I electronically filed the foregoing instrument with the Clerk of Court using the CM/ECF system, which sent notification of all registered recipients.

/s/Keith A. Wilkes
Keith A. Wilkes, OBA No. 16750
HALL, ESTILL, HARDWICK, GABLE,
  GOLDEN & NELSON, P.C.
521 East Second Street, Suite 1200
Tulsa, Oklahoma  74120
T: (918) 594-0400
F: (910) 594-0505
kwilkes@hallestill.com
**Attorneys for Appellee Vic Regalado, in his official capacity as Sheriff of Tulsa County, Oklahoma**

22597943.2:004285.00011